UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CASSANDRA R.,

          Plaintiff,

v.     5:20-cv-1181 (ML)

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____

APPEARANCES:     OF COUNSEL:

OLINSKY LAW GROUP     ANDREW A. FLEMMING, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street
Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     NATASHA OELTJEN, ESQ.
  Counsel for the Defendant     Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

**<u>ORDER</u>**

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

argument was heard in connection with those motions on March 2, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 14) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 7, 2022
  Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CASSANDRA R.,
                                              Plaintiff,

-v-                                           5:20-CV-1181

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE MIROSLAV LOVRIC**
March 2, 2022
15 Henry Street, Binghamton, New York


For the Plaintiff:
(Appearance by telephone)

    OLINKSY LAW GROUP
    300 South State Street
    Suite 420
    Syracuse, New York 13202
    BY:  **ANDREW AUSTIN FLEMMING, ESQ.**

For the Defendant:
(Appearance by telephone)

    SOCIAL SECURITY ADMINISTRATION
    J.F.K. Federal Building, Room 625
    15 New Sudbury Street
    Boston, Massachusetts 02203
    BY:  **NATASHA OELTJEN, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1            (The Court and all parties present by telephone.
2    Time noted:  12:10 p.m.)
3            THE COURT:  Well, let me begin by indicating first
4    that in this matter the Court has reviewed the briefings from
5    both parties, the plaintiff and defendant.  The Court has also
6    reviewed the administrative record and taken into account also
7    the arguments presented by the parties.
8            So I want to begin by indicating first that in this
9    case plaintiff commenced this proceeding pursuant to Title 42,
10   United States Code, Sections 405(g) and 1383(c) to challenge the
11   adverse determination by the Commissioner of Social Security
12   finding that she was not disabled at the relevant times and
13   therefore ineligible for the benefits that she sought.
14           By way of background, the Court notes the following:
15   Plaintiff was born in 1982.  She is currently approximately
16   39 years old.  She was approximately 34 years old on March 22,
17   2017, the date of application.  Plaintiff lives with her husband
18   who does the household chores, grocery shopping, and drives her
19   to various places.  Plaintiff is approximately 5'2" in height
20   and weighs approximately 185 pounds.  Plaintiff has a high
21   school degree and can communicate in English.  Plaintiff does
22   not have any past relevant work history.
23           Plaintiff suffers from the following severe
24   impairments:  Asthma and small pulmonary embolism.  She states
25   that she also has nonsevere impairments of wry neck, irritable

1  bowel syndrome, depression, and anxiety.  Plaintiff takes
2  albuterol nebulizer machine, Tramadol, Prednisone, Eliquis,
3  Xarelto, and Xanax.
4         Plaintiff testified at the hearing that she does not
5  drive because her medication causes dizziness, she only leaves
6  the house for medical appointments, that she can walk only 10 to
7  15 steps before becoming out of breath, that she can lift five
8  pounds, and that she has shortness of breath and dizziness when
9  she attempts housework.
10        Procedurally, the summary history of this case is as
11 follows:  Plaintiff applied for Title XVI benefits on March 22nd
12 of 2017, alleging an onset date of January 1st of 2016.  In
13 support of her claim for disability benefits, plaintiff claims
14 disability based on asthma and that her medications make her
15 feel dizzy and nauseous, and small pulmonary embolism that
16 caused her some exertional limitations.
17        In this case, Administrative Law Judge Paul D.
18 Barker, Junior conducted a hearing on July 11, 2019, to address
19 plaintiff's application for benefits.  ALJ Barker issued an
20 unfavorable decision on August 6th of 2019.  That decision
21 became a final determination of the agency on July 24th of 2020,
22 when the Social Security Administration Appeals Council denied
23 plaintiff's application for review.  This action was commenced
24 on September 25th of 2020, and it is timely.
25        In his decision, ALJ Barker applied the familiar

1  five-step test for determining disability.  At step one, he
2  concluded that plaintiff had not engaged in substantial gainful
3  activity since March 22nd of 2017, the application date.
4           At step two, the ALJ concluded that plaintiff suffers
5  from severe impairments that impose more than minimal
6  limitations on her ability to perform basic work activities,
7  specifically asthma and small pulmonary embolism.  The ALJ also
8  considered nonsevere physical impairments of wry neck and
9  irritable bowel syndrome, and mental impairments of depression
10 and anxiety disorder.
11          At step three, ALJ Barker concluded that plaintiff's
12 conditions do not meet or medically equal any of the listed
13 presumptively disabling conditions set forth in the
14 Commissioner's regulations, and the ALJ focused on listing 1.02,
15 dealing with major dysfunction of a joint; listing 1.04,
16 disorders of the spine; listing 3.03, asthma; listing 12.04,
17 depressive bipolar and related disorders; and then also listing
18 12.06, relating to anxiety and obsessive compulsive disorders.
19          At step four, the ALJ next determined that plaintiff
20 retains the residual functional capacity, also known as RFC, to
21 perform the full range of sedentary work as defined in 20 C.F.R.
22 Section 416.967(a) with additional environmental limitations.
23 The ALJ went on to state plaintiff is capable of lifting and
24 carrying a maximum of ten pounds at a time, sitting for
25 approximately six hours, and standing/walking for approximately

1   two hours in an eight-hour workday.  The ALJ further indicated
2   plaintiff cannot be exposed to excessive amounts of dust and
3   other respiratory irritants and cannot work in environments with
4   exposure to extreme heat and cold, wetness, and humidity.  The
5   ALJ moved on to step five, as plaintiff did not have any past
6   relevant work experience.
7            At step five, the ALJ concluded that considering
8   plaintiff's age, education, work experience, and RFC, the ALJ
9   concluded that there are jobs that exist in significant numbers
10  in the national economy that plaintiff can perform.  More
11  specifically, the ALJ found that although plaintiff has a RFC to
12  perform sedentary work that includes additional limitations in
13  accommodation of her asthma symptoms, those additional
14  limitations have little or no effect on the occupational base of
15  unskilled sedentary work.  As a result, the ALJ held that a
16  finding of not disabled was appropriate pursuant to the
17  framework of Medical-Vocation Rule 201.27.  The ALJ cited SSR
18  85-15, that limiting her to a work environment free of excessive
19  amounts of dust and respiratory irritants has only a slight
20  effect on the occupational base, and citing SSR 96-9p, that few
21  occupations in the unskilled sedentary occupational base require
22  work in an environment with extreme cold, heat, wetness, and
23  humidity.  The ALJ concluded that the need to avoid all exposure
24  does not result in a significant erosion of the occupation base
25  of sedentary work, noting SSR 96-9p.

1            Now, as the parties know, the Court's functional role
2   in this case is limited and extremely deferential.  I must
3   determine whether correct legal principles were applied and
4   whether the determination is supported by substantial evidence,
5   defined as such relevant evidence as a reasonable mind would
6   find sufficient to support a conclusion.  As the Second Circuit
7   noted in the case of *Brault v. Social Security Administration*
8   *Commissioner,* found at 683 F.3d 443, a 2012 case, the circuit
9   noted the standard is demanding, more so than the clearly
10  erroneous standard.  The Second Circuit also noted in *Brault*
11  that once there's a finding of fact, that fact can be rejected
12  only if a reasonable factfinder would have to conclude
13  otherwise.
14           Now, in this case plaintiff argues that the ALJ's RFC
15  is not supported by substantial evidence because the ALJ failed
16  to properly weigh the opinion evidence of treating physician
17  Dr. David OuYang MD.
18           The Court provides the following analysis and
19  reasoning in reviewing this case:  First, the ALJ assigned
20  limited weight to Dr. OuYang's assessment, noting that, one, he
21  treated her only on approximately three occasions; two, there
22  are no treating records from him that support his opined
23  limitations; three, there are no treating records from any other
24  medical providers for the time period at issue that support his
25  opined limitations; four, treating records establish that

1  plaintiff's asthma was generally well controlled; and five, that
2  there are no abnormal physical examination findings that would
3  support the extent of his opinion, see Administrative Transcript
4  at page 22.
5           This Court finds that the ALJ properly assigned
6  treating physician Dr. OuYang's opinion less than controlling
7  weight and considered all of the factors of 20 C.F.R. Section
8  404.1527(c).
9           As the parties set forth, the treating physician rule
10 applies because plaintiff filed her claim before March 27th of
11 2017.  In this case, the ALJ stated Dr. OuYang saw plaintiff
12 once every month starting in May 2019, but also the ALJ noted
13 that Dr. OuYang provided his opinion in July of 2019.  As a
14 result, the ALJ concluded that Dr. OuYang only treated plaintiff
15 on approximately three occasions.  The ALJ properly discounted
16 the opinion of Dr. OuYang based on the short duration of
17 plaintiff's treating relationship with him, see the case of
18 *Koerber v. Commissioner of Social Security*.  That's 19-CV-1070.
19 It can be found at 220 WL 1915294 at page five, and that's a
20 Western District of New York, April 20th of 2020, case.  And in
21 that case, it has a holding that the ALJ reasonably discounted a
22 doctor's opinion who had only been treating the plaintiff for
23 two months and seen him twice during that time.
24           The Court in this case also notes that the ALJ
25 properly considered that Dr. OuYang did not include any mental

1  impairments in his list of plaintiff's diagnoses and the record
2  does not reflect that he provided any mental health treatment
3  for plaintiff.  Despite this, Dr. OuYang completed a chart
4  assessing plaintiff's mental abilities.  The ALJ properly
5  discounted that portion of Dr. OuYang's opinion as outside the
6  scope of his expertise.
7           Additionally, Dr. OuYang's opinion was a checkbox
8  form that did not include an explanation for the limitations he
9  listed.  In addition, both times Dr. OuYang examined plaintiff,
10 he recorded normal respiratory, cardiovascular, musculoskeletal,
11 neurological, and psychiatric findings.  Moreover, at her visit
12 on June 6th of 2019, plaintiff reported to Dr. OuYang that her
13 symptoms were improving and her pain was a zero out of five.
14 Moreover, as the ALJ properly noted, plaintiff's medical records
15 reflect that her asthma had fluctuated throughout the relevant
16 time period, which is in contrast with Dr. OuYang's assessment
17 that plaintiff's limitations had existed and persisted to the
18 same degree since at least March 22nd of 2017.  Given these
19 fluctuations, the evidence in the record was mixed, and it was
20 in fact the ALJ's responsibility as the factfinder to resolve
21 the conflicts in the evidence.
22          As the defendant sets forth in their brief, the ALJ
23 properly considered, A, the restrictive opinions of Dr. OuYang,
24 Mr. Morabito, and Ms. Toth; B, the opinion of consultive
25 examiner, Dr. Ganesh, that plaintiff had no physical

1  limitations; and C, plaintiff's reported symptoms to formulate a
2  RFC that was supported by substantial evidence.  More
3  specifically, in accommodation of plaintiff's asthma and
4  pulmonary embolism, the ALJ limited plaintiff to sedentary work.
5  Further, due to plaintiff's asthma condition, the ALJ determined
6  that she cannot be exposed to excessive amounts of dust and
7  other respiratory irritants, and that she cannot work in
8  environments with exposure to extreme heat, cold, wetness, or
9  humidity.
10         Finally, because the Court finds that the ALJ
11 properly formulated a RFC that is supported by substantial
12 evidence, I reject plaintiff's arguments that the ALJ was
13 required to consult a vocational expert.  As plaintiff notes,
14 the RFC did not include significant exertional limitations.  The
15 nonexertional limitations that were included in the RFC had
16 little or no effect on the occupational base of unskilled
17 sedentary work that plaintiff could do.  Thus, the ALJ was not
18 required to consult a vocational expert.  See SSR 85-15 for the
19 proposition that where a person has a medical restriction to
20 avoid excessive amounts of noise, dust, et cetera, the impact on
21 the broad world of work would be minimal because most job
22 environments do not involve great noise, amounts of dust, et
23 cetera.  See also SSR 96-9p that stands for the proposition that
24 in general, few occupations in the unskilled sedentary
25 occupational base require work in environments with extreme

1   cold, extreme heat, wetness, humidity, vibration, or unusual

2   hazards.  Even a need to avoid exposure to these conditions

3   would not by itself result in a significant erosion of the

4   occupational base.

5           Based on all of this and these findings, and as a

6   result, I therefore conclude and find that plaintiff's motion

7   for judgment on the pleadings is denied, defendant's motion for

8   judgement on the pleadings is granted, plaintiff's complaint is

9   hereby dismissed, and the Commissioner's decision denying

10  plaintiff benefits is affirmed.

11          That constitutes the Court's decision.  As I

12  indicated, I will file a summary order and append to that order

13  the transcript of this decision that I just set forth in the

14  record.  I want to thank both sides for excellent briefs and it

15  certainly is very, very helpful when both parties have very good

16  briefs for the Court to review.  And I thank you both, that's

17  our decision for today and the court has nothing further to add.

18          I wish you both a good rest of the day and court

19  stands adjourned.  Thank you very much.

20              MR. FLEMMING:  Thank you, your Honor.

21              MS. OELTJEN:  Thank you.

22              (Time noted:  12:28 p.m.)

23

24

25

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 4th day of March, 2022.

s/ Hannah F. Cavanaugh_____
HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
Official U.S. Court Reporter